# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JEVIN MICHAEL STONE**

    **Petitioner,**

v.                                                         Case No.: 8:20-cv-706-CEH-UAM
                                                          Crim. Case No. 8:18-cr-99-CEH-UAM

**UNITED STATES OF AMERICA,**

    **Respondent.**
_____/

## ORDER

Before the Court is Jevin Michael Stone's amended motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 12) and memorandum in support (Doc. 13). The United States filed a response in opposition, (doc. 18), and Stone filed a reply, (doc. 19). Stone is entitled to no relief because his claims are procedurally barred and lack merit.[1]

**I.  Background & Procedural History**

Stone was charged in a 15-count superseding indictment with eight codefendants. (Cr-Doc. 77).[2] Count One charged Stone with conspiracy to commit

---

[1] The motion can be denied without need for an evidentiary hearing, as no hearing is required when the record establishes that a Section 2255 claim lacks merit. *See United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984).

[2] References to filings in criminal case number 8:18-cr-99-CEH-UAM are cited throughout this Order as "Cr-Doc. [document number]."

Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). (*Id.*). Counts Eight and Twelve charged Stone with Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a), (b) and 2. (*Id.*). Count Nine charged Stone with discharging a firearm in furtherance of a crime of violence (the Hobbs Act robbery charged in Count Eight), in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 924(c)(1)(C), and 2. (*Id.*). Count Thirteen charged Stone with brandishing a firearm in furtherance of a crime of violence (the Hobbs Act robbery charged in Count Twelve), in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 924(c)(1)(C), and 2. (*Id.*).

Stone pleaded guilty as charged through a plea agreement. (Cr-Docs. 237, 242, 306, 576). At the plea hearing, he acknowledged he understood the elements of the offenses to which he was pleading guilty. (Cr-Doc. 576 at 24–28). As for the aiding and abetting elements, which aligned with the elements outlined in Stone's plea agreement, (cr-doc. 242 at 4–5), Stone acknowledged he agreed that the United States could prove he "intentionally join[ed] with [a] person to commit a crime" and he "is criminally responsible for the acts of another person if [he] aids and abets the other person." (Cr-Doc. 576 at 27, 28). He understood "that a defendant aids and abets a person in a crime of discharging a firearm during and in relation to a crime of violence if you actively participated in the violent crime with advanced knowledge that another participant would use or carry the firearm during and in relation to or possess a firearm in furtherance of the violent crime." (*Id.* at 28). Stone also understood that he was subject to mandatory minimum sentences because he "aided and abetted [his]

2

coconspirators in discharging a firearm" during the commission of the Hobbs Act robberies charged in Counts 8 and 12. (*Id.* at 20–21).

Stone admitted that the facts in his plea agreement were true and that the United States could prove them beyond a reasonable doubt if his case went to trial. (*Id.* at 29–34). The magistrate judge informed Stone that, "by pleading guilty, [he was] not only admitting these criminal charges, but would also be waiving and giving up a number of valuable constitutional trial rights," such as the right to present a defense and testify on his own behalf. (*Id.* at 22–24). Stone confirmed no one had threatened or coerced him into pleading guilty and no one had promised him anything in exchange for a guilty plea. (*Id.* at 36). He also confirmed that he was pleading guilty on his "own free will." (*Id.* at 35, 36). The magistrate judge told the parties that they had 14 days to file objections. (*Id.* at 38). Neither party objected to the report and recommendation, and this Court accepted Stone's guilty plea. (Cr-Doc. 306).

On April 12, 2019, this Court sentenced Stone to 281 months' imprisonment. (Cr-Doc. 490). The term of imprisonment consisted of 77 months as to Counts One, Eight, and Twelve, to run concurrently; a term of 120 months as to Count Nine, consecutive to Counts One, Eight, and Twelve; and a term of 84 months as to Count Thirteen, to run consecutive to Count Nine. (*Id.*). Stone did not appeal his convictions.

In his original 28 U.S.C. § 2255 motion, Stone alleged that (1) his indictment and conviction for discharging and brandishing a firearm in furtherance of a crime of violence should be dismissed and vacated because Hobbs Act robbery is not a crime

of violence under § 924(c)(3)(A)'s elements clause; and (2) counsel was ineffective for failing to raise that claim. (*See generally* Civ. Doc. 2). Stone filed his amended section 2255 motion assisted by counsel and he repeats these claims. (*See* Civ. Docs. 12, 13). He contends that Hobbs Act robbery and aiding and abetting Hobbs Act robbery cannot qualify as a crimes of violence given the Supreme Court's categorical approach analysis in *United States v. Taylor*, 142 S. Ct. 2015 (2022) (holding that attempted Hobbs Act robbery is not a "crime of violence" under the elements clause). *Id.* The United States admits that Stone's motion was timely filed under 28 U.S.C. § 2255(f), (*see* doc. 18 at 6), but argues that his claims are procedurally defaulted and meritless.

## II.     Statement of Facts[3]

Beginning on an unknown date, but no later than in or about May 2015 and continuing through on or about July 20, 2017, Stone conspired with others to commit several Hobbs Act robberies and burglaries of several local drug dealers within the Middle District of Florida. By the time Stone executed his plea agreement, the Federal Bureau of Investigation had identified at least 14 armed robberies and 4 armed burglaries that Stone or his coconspirators had committed. One or more firearms were discharged during four of the robberies, and one or more firearms were brandished during the robberies and burglaries.

During the conspiracy, Stone and his coconspirators communicated about known drug dealers they believed would be good targets for a robbery. Stone and his

---

[3] This Statement of Facts derives from the stipulated factual basis contained within Stone's plea agreement. (*See* Cr-Doc. 242 at 23–28).

4

coconspirators exchanged messages that included details about the intended targets, including home addresses, license plates, screenshots of Google Map data, and screenshots of data generated by a Global Positioning System (GPS) tracking device. In addition, Stone's coconspirators sent pictures to each other of themselves or their coconspirators holding handguns, wearing masks, holding large stacks of cash and shopping for pry bars (a tool often used to force entry into a home or vehicle). They also shared what seemed to be photographs they had taken while surveilling houses they intended to rob. Stone actively participated in the planning of an armed robbery of J.G. ("Victim 1") at Victim 1's residence, on Long Lake Circle in Lakeland, Florida (Count Eight). Stone identified Victim 1 as a good target to rob and placed a GPS tracking device on Victim 1's vehicle to help locate Victim 1's residence. A couple of weeks after capturing Victim 1's GPS location, Stone's coconspirators conducted an armed robbery at Victim 1's residence and discharged a firearm during the robbery.

Stone actively participated in the planning of an armed robbery of R.B. ("Victim 2") at Victim 2's residence, on Linda Street, Lake Wales, Florida (Count Twelve). Stone provided his coconspirators with Victim 2's address and conducted surveillance on Victim 2's residence before the robbery. Stone knew that his coconspirators would be armed with guns and aided and abetted his coconspirators in brandishing the firearms during the robbery.

## III. Discussion

### A. Ground One is Procedurally Barred and Meritless.

Relying on *Taylor*, Stone contends in Ground One that this Court should vacate his 18 U.S.C. § 924(c) convictions predicated on Hobbs Act robbery and aiding and abetting Hobbs Act robbery, as they are not crimes of violence. (Doc. 12 at 5; Doc. 13 at 1–13). He argues that the offense of aiding and abetting a Hobbs Act robbery by its plain terms does not categorically require the use, attempted use, or threatened use of physical force, and cannot categorically qualify as a predicate crime of violence under section 924. Under section 924(c), any person who brandishes a firearm during and in relation to any crime of violence is subject to a seven-year term of imprisonment in addition to the punishment provided for the crime of violence. 18 U.S.C. § 924(c)(1)(A)(ii). A felony offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another is a crime of violence. 18 U.S.C. § 924(c)(3)(A); *Taylor*, 142 S. Ct. at 2019. The robberies alleged in Counts Eight and Twelve of the Indictment served as the underlying predicate for the section 924(c) offenses at Counts Nine and Twelve. (*Id.*). Stone pleaded guilty as charged, (cr-doc. 242), and did not appeal his convictions.

By not challenging his section 924(c) convictions before this Court or on direct appeal, Stone procedurally defaulted his argument that Hobbs Act robbery and aiding and abetting Hobbs Act robbery are not crimes of violence. "[A] collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 164–65 (1982). "Once the defendant's chance to appeal has been waived or exhausted," courts "are

6

entitled to presume that [the defendant] stands fairly and finally convicted." *Id.* Claims available but not raised are procedurally defaulted and barred from consideration on collateral review. *Bousley v. United States*, 523 U.S. 614, 622–24 (1998). The procedural default of a claim can only be overcome: "(1) for cause and prejudice, or (2) for a miscarriage of justice, or actual innocence." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). The cause-and-prejudice standard requires a showing not only that "some objective factor external to the defense" impeded Stone's efforts to raise the issue earlier, the error alleged must have also "worked to his actual and substantial disadvantage, infecting his entire trial with error," *Frady*, 456 U.S. at 170. If both cause for the procedural default and prejudice are not shown, this Court cannot consider Stone's challenge to his conviction unless he shows "actual innocence." *Bousley*, 523 U.S. at 620–24. Stone cannot overcome the procedural default of his claims.

The Eleventh Circuit has found that a challenge to the validity of an underlying predicate for a section 924(c) conviction is not sufficiently novel to establish cause. *Cf. United States v. Granda*, 990 F.3d at 1272, 1286–88 (11th Cir. 2021) (addressing a claim under *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019)). A *Taylor* claim does not fit into the three circumstances in which novelty might constitute cause: (1) "when a decision of the Supreme Court explicitly overrules one of its precedents"; (2) "when a Supreme Court decision overturns a longstanding and widespread practice to which the Supreme Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved"; and (3) "when a Supreme Court decision disapproves of a practice the Supreme Court arguably has sanctioned in prior cases."

7

*Id.* (internal quotation marks and alterations omitted). The Court agrees with the United States that the tools existed for Stone to raise a *Taylor* claim on direct appeal, and he cannot show cause to excuse his procedural default. *See Granda*, 990 F.3d at 1288.

Ineffective assistance of counsel may serve as cause to excuse a default. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000); *see also Strickland v. Washington*, 466 U.S. 668, 690 (1984). To succeed with this argument, however, Stone must allege and prove deficient performance, which he cannot do. *See Reece v. United States*, 119 F.3d 1462, 1465–68 (11th Cir. 1997). Counsel does not perform deficiently by failing to make predictions about the law or raise arguments contrary to binding precedent. *See, e.g.*, *Denson v. United States*, 804 F.3d 1339, 1343 (11th Cir. 2015) (counsel need not anticipate legal developments); *Card v. Dugger*, 911 F.2d 1494, 1520 (11th Cir. 1990) ("Counsel cannot be labeled ineffective for failing to raise issues which have no merit."). Stone also cannot establish actual prejudice, which is more than a possibility of prejudice. Stone must prove that the error worked to his "actual and substantial disadvantage," infecting the entire proceeding "with error of constitutional dimensions." *Granda*, 990 F.3d at 1288. To prove actual prejudice, Stone bears the burden of showing a substantial likelihood that his section 924(c) convictions rest on invalid predicates. *Id.* Stone cannot meet his burden.

Hobbs Act robbery is a "crime of violence" under section 924(c)(3)(A)'s elements (or, use-of-force) clause. *United States v. St. Hubert*, 909 F.3d 335, 345 (11th

8

Cir. 2018), *abrogated on other grounds by Taylor*, 142 S. Ct. 2015 (2022); *In re Saint Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016); *see also Taylor*, 142 S. Ct. at 2022 (recognizing that an element of completed Hobbs Act robbery is that the defendant "intended to unlawfully take or obtain personal property by means of actual or threatened force"). Aiding and abetting Hobbs Act robbery is also a "crime of violence" under Section 924(c)(3)(A). *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016).[4] "One who aids and abets a crime of violence necessarily commits a crime that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Alvarado-Linares v. United States*, 44 F.4th 1334, 1348 (11th Cir. 2022) (considering whether VICAR attempted murder convictions, prosecuted on an aiding and abetting theory, satisfy section 924(c)'s elements clause after *Taylor*) (quoting *Colon*, 826 F.3d at 1305). Aiding and abetting "is not a separate federal crime, but rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense." *Id.* (quoting *United States v. Sosa*, 777 F.3d 1279, 1292 (11th Cir. 2015)). And someone who "aids, abets, counsels, commands, induces or procures the commission of an offense is punishable as a principal." *Id.* (quoting *United States v. Williams*, 334 F.3d 1228, 1232 (11th Cir. 2003)).

This Court is bound by those holdings under the prior panel precedent rule. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to

---

[4] Stone acknowledges that *Colon* conflicts with his position, but contends that it goes against the Supreme Court's reasoning in *Taylor*. (Doc. 13 at 12–13).

the point of abrogation by the Supreme Court or by [the circuit] court sitting en banc."); *see also St. Hubert*, 909 F.3d at 346 (published orders on 28 U.S.C.§ 2255(h) applications are binding precedent).

      The *Taylor* decision did not disturb the Eleventh Circuit's reasoning that Hobbs Act robbery and its aiding and abetting alternative are crimes of violence. As the United States correctly asserts, *Taylor* hinged on attempt being a separate crime from the underlying offense, with the distinct element of a "substantial step." *Taylor*, 142 S. Ct. at 2020. A defendant could take that substantial step—completing the crime of attempt—without also committing all the elements of Hobbs Act robbery. But a completed Hobbs Act robbery requires that the defendant commit the robbery by using, attempting to use, or threatening physical force. 18 U.S.C. § 1951(b)(1); *see also United States v. McCoy*, 58 F.4th 72, 74 (2d Cir. 2023) (convictions based on completed Hobbs Act robbery remain valid) (per curiam); *United States v. Linehan*, 56 F.4th 693, 700 (9th Cir. 2022) ("[I]t is well established both pre-and post-*Taylor* that completed Hobbs Act robbery is a crime of violence under the elements clause."). And a defendant who aids a completed Hobbs Act robbery is considered to have committed every element of Hobbs Act robbery—including the element of using or threatening force. *United States v. Worthen*, 60 F.4th 1066, 1068–70 (7th Cir. 2023) (reaffirming after *Taylor* that Hobbs Act robbery is a 924(c) crime of violence and holding that aiding and abetting this offense also qualifies).

      Stone also urges that Hobbs Act robbery is an indivisible offense and cannot categorically qualify as a crime of violence because 18 U.S.C. § 1951(a) "clearly

subsumes the offenses of substantive Hobbs Act robbery, attempted Hobbs Act robbery and conspiracy to commit Hobbs Act robbery[.]" (Doc. 13 at 11). His argument, however, stands in contradiction to Eleventh Circuit holdings. In *St. Hubert*, the Eleventh Circuit held that section 1951(a) "is a divisible statute that sets out multiple crimes"—they are "distinct offenses" and "not merely alternative means of violating § 1951(a)." 909 F.3d at 348; *see also Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019) (Hobbs Act conspiracy and substantive robbery "are meaningfully distinct" offenses). *Taylor* also disclaims an indivisibility approach by explicitly distinguishing between the elements of a completed Hobbs Act robbery and an attempted one. *See Taylor*, 142 S. Ct. at 2020.

The Eleventh Circuit held, in *United States v. Eason*, 953 F.3d 1184 (11th Cir. 2020), that Hobbs Act robbery does not qualify as a "crime of violence" under the Sentencing Guidelines, USSG §4B1.2(a). 953 F.3d at 1190. Here, Stone seeks to stretch *Eason* to section 924(c)'s definition of a crime of violence, (doc. 13 at 11, 13), but *Eason* is inapplicable. The "elements clause" of the Sentencing Guidelines' provision defines "crime of violence" to mean "any offense . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a) (emphasis added). Because Hobbs Act robbery could be committed through a threat of force against property without a threat of force against a person, the *Eason* court concluded that the crime was broader than the Guidelines' definition of crime of violence, so it could not qualify as a crime of violence. 953 F.3d at 1190. But the crime of violence definition here encompasses crimes that "ha[ve] as

11

an element the use, attempted use, or threatened use of physical force against the *person or property* of another." 18 U.S.C. § 924(c)(3)(A) (emphasis added). Section 924(c)'s crime of violence definition encompasses the full definition of Hobbs Act robbery and addresses the issue identified in *Eason*. The Eleventh Circuit noted the distinction in its *Eason* decision. 953 F.3d at 1191 ("There is nothing incongruous about holding that Hobbs Act robbery is a crime of violence for purposes of … § 924(c)(3)(A), which includes force against a person or property, but not for purposes of U.S.S.G. § 4B1.2(a)(1), which is limited to force against a person.") (internal quotation omitted). *Eason* does not support Stone's argument.

Stone also mistakenly relies on *United States v. Chea*, Nos. 98-cr-20005-1, 98-cr-40003-2, 2019 WL5061085 (N.D. Cal. Oct. 2, 2019), to support his argument. In *Chea*, the court relied on fear of future injury to property to rule that Hobbs Act robbery does not qualify as a section 924(c) crime of violence under its elements clause. *Chea*, 2019 WL 5061085, at *10. *Chea*, however, conflicts with binding Eleventh Circuit precedent. *See St. Hubert*, 909 F.3d at 350 (finding no "plausible scenario . . . in which a Hobbs Act robber could take property from the victim against his will and by putting the victim in fear of injury (to his person or property) without at least threatening to use physical force capable of causing such injury") (citing *Johnson v. United States*, 559 U.S. 133, 140 (2010). Stone cannot disregard this binding precedent.

Finally, given Stone's admissions during his plea hearing, he cannot meet the "exceedingly narrow" actual-innocence exception as another way to excuse his

procedural default. *Granda*, 990 F.3d at 1292. The actual-innocence exception lets a movant avoid a procedural bar if he can show that the alleged error "has probably resulted in the conviction of one who is actually innocent." *Bousley*, 523 U.S. at 624 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)); *accord Jones v. United States*, 153 F.3d 1305, 1308 (11th Cir. 1998). Stone, however, has presented no facts to show actual innocence. For these reasons, Ground One is denied as procedurally barred and meritless.

## B.     Ground Two is Meritless.

Stone argues that his counsel did not inform him about "viable factual and legal defenses to the section 924(c) charges." (Doc. 13 at 14). To succeed on an ineffective assistance of counsel claim, a petitioner must meet a stringent, two-prong test. First, the petitioner must show that counsel committed "errors so serious that counsel was not functioning as the 'counsel' guaranteed … by the Sixth Amendment." *Strickland*, 466 U.S. 668, 687 (1984). Second, the petitioner must prove resulting prejudice. *Id*. If the petitioner fails to establish either of the *Strickland* prongs, his claim fails. *See Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d 1292, 1319 (11th Cir. 2005). *Strickland* sets a "high bar" for ineffective assistance claims and surmounting it "is never an easy task." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal quotation marks and citation omitted).

When evaluating performance, this Court must apply a "strong presumption "that counsel has "rendered adequate assistance and [has] made all significant

decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. To establish deficient performance, a petitioner must show that "no competent counsel would have taken the action that his counsel did take." *See Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). The standard that the petitioner must meet is both "rigorous" and "highly demanding," and requires showing "gross incompetence" on counsel's part. *Kimmelman v. Morrison*, 477 U.S. 365, 381–82 (1986). A petitioner shows prejudice only when he establishes "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Since the Court has concluded that Ground One is meritless, Stone's counsel cannot be considered to have performed deficiently by failing to raise a meritless argument and Stone was not prejudiced because Hobbs Act robbery remains a crime of violence. Ground Two is also denied as meritless.

## IV.    Conclusion

Stone's amended motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 12) is **DENIED** as procedurally barred and on its merits. The Clerk is directed to enter judgment against Stone, to close this case, to enter a copy of this order in the criminal action, and to terminate the motion at docket entry 573 in the criminal action.

Stone is not entitled to a certificate of appealability. To obtain a certificate of appealability, the petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linehan*, 279 F.3d 926, 935 (11th Cir. 2001). Because Vaughn fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, he is not entitled to a certificate of appealability or to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, this 30th day of April, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

*Copies to:*
Counsel of Record